# IN THE SUPREME COURT OF IOWA

No. 09–1411

Filed September 16, 2011

**STATE OF IOWA,**

    Appellee,

vs.

**JUDITH RENAE UTTER,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Jones County, Douglas S. Russell, Judge.

A defendant seeks further review of a court of appeals decision preserving her ineffective-assistance-of-counsel claim for postconviction relief proceedings. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin R. Cmelik, Assistant Attorney General, Phillip W. Parsons, County Attorney, and Connie S. Ricklefs and Emily A. Stork, Assistant County Attorneys, for appellee.

**WIGGINS, Justice.**

A defendant claims she did not enter her guilty plea voluntarily and intelligently; therefore, she requests that we vacate her plea. The court of appeals analyzed the issue and preserved her claim for a postconviction relief proceeding. On further review, we determined that we could address the issue, vacate her plea, and remand the case for further proceedings. On remand, the court shall dismiss the information pursuant to Iowa Rule of Criminal Procedure 2.33(2)(*a*).

### I. Background Facts and Proceedings.

On April 3, 2009, Monticello police dispatched an officer to the residence of Judith Renae Utter, after receiving a report of a disturbance. Upon arriving, the officer observed an underage drinking party in progress. The officer spoke to several of the party's attendants and learned Utter had allegedly purchased and supplied alcohol to the group. On April 10 the officer issued Utter a citation and complaint for providing alcoholic beverages to a person under the legal age in violation of Iowa Code section 123.47 (2009).[1] Utter signed the citation and complaint, gave a $300 unsecured appearance bond, and agreed to report to the Jones County courthouse on May 6. The citation and complaint were filed on April 22.

On May 6 Utter appeared in court and pled not guilty to the charge of supplying alcohol to a person under the legal age. The court set June 10 as the date for a bench trial. On June 10 Utter and the State appeared for trial. The court entered an order stating, "Parties appear for trial. This matter is charged as a serious misdemeanor. Trial is cancelled. Defendant was arraigned for an initial appearance on an

---

[1]For purposes of Iowa Code section 123.47, under the "legal age" means persons under the age of twenty-one. Iowa Code § 123.3(19) (2009).

indictable offense." The court then set a preliminary hearing for June 24 and released Utter on her own recognizance.

On June 12 the State filed a trial information and minutes of testimony formally charging Utter with the crime of supplying alcohol to a person under the legal age. The trial information stated, "The said defendant on or about the 3rd day of April, 2009, in Jones County, Iowa did knowingly or intentionally purchase and supply alcohol to individuals under the legal age." The minutes named two minors and included the statement, "Utter purchased and supplied alcohol to the group of *individuals* under the legal age." (Emphasis added.)

Subsequently, the court ordered Utter to appear for an arraignment on June 26. On June 16 the court approved Utter's application for the appointment of counsel and appointed a public defender as her counsel. On June 26 Utter pled not guilty to the charge against her and demanded a speedy trial pursuant to Iowa Rule of Criminal Procedure 2.33(2)(*b*).

The court originally set the jury trial for July 27. However, at the pretrial conference the court reset the trial for August 24. On August 14 Utter withdrew her previous plea of not guilty and pled guilty. Utter indicated that she had reached a plea agreement with the State in which she would pay a $500 fine in monthly installments of $50 in exchange for pleading guilty. She also waived her right to file a motion in arrest of judgment and requested the court impose its sentence immediately. The court approved Utter's written waiver of rights and plea of guilty. Accordingly, the court imposed the $500 fine and added a thirty-two percent surcharge and a $270.64 restitution payment, which Utter was to pay in monthly installments of $50.

Utter appealed, arguing her trial counsel provided ineffective assistance by failing to file a motion to dismiss the charge based on the State's violation of Iowa's speedy indictment rule. We transferred the case to the court of appeals. The court of appeals affirmed the district court's judgment and preserved Utter's ineffective-assistance-of-counsel claim for possible postconviction relief proceedings. The court found Utter's trial counsel breached an essential duty by failing to file a motion to dismiss based upon the State's violation of the speedy indictment rule, but could not determine if prejudice resulted due to the inadequacy of the record on direct appeal. Utter filed an application for further review, which we granted.

## II. Issue.

We must decide whether trial counsel provided ineffective assistance by allowing Utter to plead guilty despite the fact that the State failed to issue a speedy indictment pursuant to Iowa Rule of Criminal Procedure 2.33(2)(*a*).

## III. Scope of Review.

We generally review a defendant's challenge to a guilty plea for correction of errors at law. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). However, because Utter claims her guilty plea resulted from her trial counsel's ineffective assistance, a constitutional claim, our review is de novo. *Id.*; *see also State v. Vance*, 790 N.W.2d 775, 785 (Iowa 2010) ("Ineffective-assistance-of-counsel claims have their basis in the Sixth Amendment to the United States Constitution."). We normally preserve ineffective-assistance-of-counsel claims for postconviction relief proceedings. *State v. Palmer*, 791 N.W.2d 840, 850 (Iowa 2010). Nonetheless, we will consider the merits of these claims on direct appeal

as long as the record is adequate. *Id.* We believe the record is adequate in this case.

**IV. Discussion and Analysis.**

**A. Generally.** A defendant's plea of guilty is a serious act that he or she must do voluntarily, knowingly, and intelligently with an awareness of the relevant circumstances and consequences. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369, 88 L. Ed. 2d 203, 208–09 (1985); *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468–69, 25 L. Ed. 2d 747, 756 (1970); *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Whether a defendant's guilty plea was intelligently made depends, in part, on whether the defendant was properly advised by competent counsel. *Brady*, 397 U.S. at 756, 90 S. Ct. at 1473, 25 L. Ed. 2d at 760–61. "It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). This means

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235, 243 (1973).

One way a defendant can intrinsically challenge the voluntary and intelligent nature of his or her guilty plea is to prove "the advice he [or she] received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases." *Carroll*, 767 N.W.2d at 642; *accord Lockhart*, 474 U.S. at 56–57, 106 S. Ct. at 369, 88 L. Ed. 2d at 208–09; *Tollett*, 411 U.S. at 266–67, 93 S. Ct. at

1608, 36 L. Ed. 2d at 243; *Zacek v. Brewer*, 241 N.W.2d 41, 50 (Iowa 1976). In *Carroll*, we recognized that all categories of ineffective-assistance-of-counsel claims can potentially survive a guilty plea. *Carroll*, 767 N.W.2d at 644. We stated,

> Only through a case-by-case analysis will a court be able to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary.

*Id.*

On appeal, Utter claims her trial counsel failed to perform an essential duty by failing to file a motion to dismiss based on the State's violation of the speedy indictment rule. She claims her trial counsel's failure worked to her actual and substantial disadvantage because the court would have dismissed the charge against her based upon the State's speedy indictment violation. Inherent in Utter's argument is the claim that her trial counsel's failure to file a motion to dismiss caused her to improvidently plead guilty to a charge that the State would have otherwise been barred from pursuing had her counsel performed effectively.

Accordingly, we must determine whether Utter's trial counsel breached an essential duty prior to her guilty plea and whether this breach rendered her plea unintelligent or involuntary. *Id.* As with all ineffective-assistance-of-counsel claims, Utter must establish her counsel failed to perform an essential duty and prejudice resulted from such failure. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); *Carroll*, 767 N.W.2d at 644. Utter must prove both elements by a preponderance of the evidence. *Straw*, 709 N.W.2d at 133.

**B. Failure to Perform an Essential Duty.** Utter must prove her trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," in order to establish her counsel failed to perform an essential duty. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. We begin with the presumption that counsel performed competently and measure counsel's performance objectively, "by determining whether counsel's assistance was reasonable, under prevailing professional norms, considering all the circumstances." *Vance*, 790 N.W.2d at 785 (quoting *State v. Lyman*, 776 N.W.2d 865, 878 (Iowa 2010)) (internal quotation marks omitted). Because Utter's trial counsel has no duty to pursue a meritless issue, we must first consider whether the State violated the speedy indictment rule. *Carroll*, 767 N.W.2d at 645.

Iowa's speedy indictment rule ensures the enforcement of the United States and Iowa Constitutions' speedy trial guarantees, which assure the prompt administration of justice while allowing an accused to timely prepare and present his or her defense. *State v. Wing*, 791 N.W.2d 243, 246–47 (Iowa 2010). Iowa's speedy indictment rule provides:

> It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. . . .
>
> *a.* When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

Iowa R. Crim. P. 2.33(2)(*a*).

Under this rule, the forty-five-day period begins to run when the accused is "arrested for the commission of a public offense." *Id.* Iowa Code section 805.1(4) provides, "The issuance of a citation in lieu of

arrest shall be deemed an arrest for the purpose of the speedy indictment requirements of rule of criminal procedure 2.33(2)(*a*), Iowa court rules." Iowa Code § 805.1(4). On April 10, 2009, the officer issued Utter a citation and complaint for supplying alcohol to a person under the legal age. Therefore, the forty-five-day window in which the State could indict Utter for this crime began to run on April 11. *See* Iowa Code § 4.1(34) (recognizing, in computing time, the first day is excluded).

Beginning on April 11, the State had forty-five days to indict Utter for supplying alcohol to a person under the legal age. This forty-five-day window for indictment closed on May 25. The State did not indict Utter until June 12, eighteen days later, when it filed its trial information. *See* Iowa R. Crim. P. 2.5(5) ("The term 'indictment' embraces the trial information . . . ."); *accord State v. Rains*, 574 N.W.2d 904, 910 (Iowa 1998); *State v. Dennison*, 571 N.W.2d 492, 494 (Iowa 1997); *see also State v. Schuessler*, 561 N.W.2d 40, 41–42 (Iowa 1997) (recognizing the term "found" in rule 2.33(2)(*a*) means approved by the court and filed). Thus, absent a showing by the State that it had good cause for the delay or that Utter waived her right to a speedy indictment, the State violated the speedy indictment rule.

Utter did not waive, but rather demanded, her right to a speedy trial. The State does not claim it had good cause for failing to indict Utter within the forty-five days mandated by rule 2.33(2)(*a*). Consequently, we find Utter's underlying claim has merit because the State violated the speedy indictment rule. The failure of the State to comply with rule 2.33(2)(*a*) requires absolute dismissal of the charge and prohibits the State from reindicting Utter on the same offense. *State v. Abrahamson*, 746 N.W.2d 270, 273 (Iowa 2008).

Next, we must consider whether Utter's trial counsel failed to perform an essential duty by failing to file a motion to dismiss the charge against her due to the State's violation of Iowa's speedy indictment rule. In measuring counsel's performance, we have relied on the Iowa Rules of Professional Conduct. *Vance,* 790 N.W.2d at 786. Rule 32:1.1 requires an attorney to represent his or her clients competently. Iowa R. Prof'l Conduct 32:1.1. Competent representation includes "inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation." *Id.* cmt. [5]. In criminal matters, a competent practitioner must be aware of and vigilantly protect his or her client's speedy trial rights. *See State v. Schoelerman,* 315 N.W.2d 67, 71–72 (Iowa 1982) ("A normally competent attorney who undertakes to represent a criminal defendant should either be familiar with the basic provisions of the criminal code, or should make an effort to acquaint himself with those provisions which may be applicable . . . ."); *see also State v. Clary,* 596 N.E.2d 554, 558 (Ohio Ct. App. 1991) ("Assuredly, the responsibilities of counsel extend to protecting the client's speedy trial rights.").

Thus, to provide reasonably competent representation when a criminal defendant asserts his or her speedy trial rights, counsel must ensure that the State abides by the time restrictions established in Iowa Rule of Criminal Procedure 2.33. Counsel's failure to do so amounts to a failure to perform an essential duty. *Cf. State v. Bearse,* 748 N.W.2d 211, 217 (Iowa 2008) (holding an attorney failed to perform an essential duty by not objecting to a breached plea agreement); *Meier v. State,* 337 N.W.2d 204, 207 (Iowa 1983) (holding an attorney's performance fell below the range of normal competency because he gave the defendant

inaccurate legal advice, which the defendant relied on in waiving trial and pleading guilty). Accordingly, we hold Utter's trial counsel failed to perform an essential duty by failing to file a motion to dismiss based on the State's violation of the speedy indictment rule and, thereafter, permitting Utter to plead guilty after the speedy indictment time expired.

**C. Resulting Prejudice.** To prove prejudice resulted from trial counsel's failure to perform an essential duty, an accused must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. To do so, the accused "need only show that the probability of a different result is sufficient to undermine confidence in the outcome." *Palmer*, 791 N.W.2d at 850 (quoting *State v. Graves*, 668 N.W.2d 860, 882 (Iowa 2003)) (internal quotation marks omitted). This means, to prove prejudice, Utter must establish that "but for counsel's breach of duty, [she] would not have pled guilty and would have elected instead to stand trial." *Carroll*, 767 N.W.2d at 644.

The State claims the record is inadequate to decide this issue because it is unclear whether trial counsel's failure to file a motion to dismiss was based upon "some off-the-record agreement" with the State or, instead, was a defense strategy. Utter claims her trial counsel's failure to file a motion to dismiss prejudiced her because there was a reasonable probability that the court would have dismissed the trial information based on the State's violation of the speedy indictment rule. She further claims she did not voluntarily and intelligently plead guilty because her counsel did not advise her the court would have to dismiss the information under rule 2.33(2)(*a*).

The remedy for a violation of the speedy indictment rule is an absolute dismissal of the charge with prejudice and a complete bar from reindicting the defendant again on the same offense and lesser-included offenses thereof. *Dennison*, 571 N.W.2d at 494; *see also Abrahamson*, 746 N.W.2d at 273 (requiring dismissal for violation of speedy trial right). However, the State may still bring charges involving other offenses, which arise from the same incident or episode as the previously charged offense. *State v. Lies*, 566 N.W.2d 507, 508–09 (Iowa 1997); *State v. Sunclades*, 305 N.W.2d 491, 494 (Iowa 1981). For purposes of the speedy indictment rule, two offenses are the same if they "are in substance the same, or of the same nature, or same species, so that the evidence which proves one would prove the other." *State v. Moritz*, 293 N.W.2d 235, 239 (Iowa 1980) (quoting *State v. Stewart*, 223 N.W.2d 250, 251 (Iowa 1974)) (internal quotation marks omitted). *But see Abrahamson*, 746 N.W.2d at 275–76 (applying a different test where the two charges were not based on different statutes but, instead, constituted two alternative ways of committing the same offense under a single statute).

We have established the State violated the speedy indictment rule. Therefore, had Utter's trial counsel properly filed a motion to dismiss, the court would have dismissed the trial information, and the State would have been absolutely barred from prosecuting Utter for supplying alcohol to persons under the legal age in violation of Iowa Code section 123.47. The only way trial counsel's failure to file a motion to dismiss could have possibly constituted a tactical or strategic decision would have been if counsel had reached an agreement with the State, such that the State would have forgone charging Utter with additional offenses arising from the same incident in exchange for Utter's waiver of the State's failure to

comply with the speedy indictment rule and guilty plea. *See, e.g., State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010) (recognizing claims of ineffective assistance involving strategic decisions must be examined in light of all circumstances).

The State argues that Utter may have pled guilty and waived her speedy indictment rights in exchange for the State not filing additional charges against her pertaining to the other minors who were drinking at the party. The State then claims that we should preserve this issue for an ineffective-assistance-of-counsel claim. We agree that the State had the right to charge Utter with separate violations of section 123.47 for each minor who drank alcohol at the party. *See, e.g., State v. Gilliland*, 252 Iowa 664, 668, 108 N.W.2d 74, 76 (1961) (holding a 1958 statute prohibiting the service of beer to a minor allowed the State to charge the defendant with separate crimes for each minor served). Under the unique facts of this case, however, when Utter pled guilty on August 14, the State was precluded from bringing those additional charges.

The information as filed by the State on June 12 did not charge Utter with separate crimes for each minor drinking at the party. The first page of the information stated that the State based Utter's violation of section 123.47 on the facts that she "did knowingly or intentionally purchase and supply alcohol to *individuals* under the legal age." (Emphasis added.) The minutes attached to the information stated the witnesses would testify that multiple minors were observed drinking alcohol provided by Utter. The State charged Utter with one violation of section 123.47 for supplying alcohol to the group of minors at the party, rather than separate violations for supplying alcohol to each minor. This was an acceptable way of charging Utter. *See State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981) (holding the State could charge the

defendant with one count of burglary for breaking into a marina and a boat because "prosecutors have long been allowed to allege facts in the alternative to meet the contingencies of proof").

The State could have established a violation of section 123.47 by proving Utter knowingly or intentionally purchased and supplied alcohol to *any individual* attending the party who was under the legal age. That single charge was subject to dismissal under rule 2.33(2)(*a*) on the day Utter pled guilty. If the court dismissed the information under rule 2.33(2)(*a*), the State would have been precluded from bringing the same charges again. Because the State chose to charge Utter with one offense for all individuals drinking at the party, it could not charge her later under section 123.47 for a specific individual drinking at the party. Therefore, Utter would not have had a reason to plead guilty in exchange for not filing additional charges. Moreover, if Utter knew the court would have had to dismiss the information and that the State could not recharge, it is axiomatic that she would not have pled guilty.

Therefore, we find Utter would not have pled guilty if she had known the court was required to dismiss the information under rule 2.33(2)(*a*) and the State could not charge her with any other violation of section 123.47 arising out of the underage drinking party at her home. Consequently, she did not enter into the plea voluntarily or intelligently. Thus, a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

## V. Disposition.

Utter did not enter her guilty plea voluntarily or intelligently; therefore, we vacate her plea and remand the case for further

proceedings. On remand, the court shall dismiss the information pursuant to rule 2.33(2)(*a*).

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except Mansfield, J., who takes no part.