# IN THE COURT OF APPEALS OF IOWA

No. 4-21 / 13-0165
Filed February 19, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KORVETTA SHERRON GLASPER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

Defendant appeals from her convictions for assault with intent to inflict serious injury and domestic abuse assault. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Charity Sullivan, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**DANILSON, C.J.**

Korvetta Glasper appeals her convictions for assault with intent to inflict serious injury, in violation of Iowa Code sections 708.1 and 708.2(3) (2011), and domestic abuse assault, in violation of Iowa Code section 708.2A(2)(b). On appeal, she maintains she received ineffective assistance of counsel at trial on two grounds. She first claims counsel gave her erroneous advice regarding a possible self-defense instruction. Secondly, Glasper claims counsel violated ethical duties by sharing information with the court in breach of the attorney-client privilege. Because we find the record is inadequate to determine if counsel was ineffective, we preserve the issue for postconviction relief and affirm the convictions.

We generally preserve ineffective-assistance-of-counsel claims for postconviction relief proceedings. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011).[1] "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). We prefer to reserve such claims for development of the record and to allow trial counsel to defend against the charge. *Id.* If the record is inadequate to address the claim on direct appeal, we must preserve the claim for a postconviction-relief proceeding, regardless of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

---

[1] *See also* Iowa Code § 814.7(3) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822.").

Here the record is inadequate to address Glasper's claims because we do not know what advice trial counsel gave her regarding the possible self-defense instruction or what reason counsel had for sharing allegedly privileged information with the district court. *See State v. Clay*, 824 N.W.2d 488, 502 (Iowa 2012) (noting that a court considering an ineffective assistance of counsel claim may rely on ethical rules for lawyers to measure counsel's performance); *see also* Iowa R. Prof'l Conduct 32:1.6(a) ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b) or required by paragraph (c).").

The issue of whether trial counsel was ineffective is preserved for possible future postconviction-relief proceedings.[2] *See Johnson*, 784 N.W.2d at 198 (holding if a claim of ineffective assistance of counsel cannot be addressed on appeal because of an inadequate record, the court must preserve it for postconviction-relief proceedings even if it is raised in a general or conclusory manner). Because this was the only issue on appeal, Glasper's convictions are otherwise affirmed without opinion. *See* Iowa R. App. P. 6.1203(a),(d).

**AFFIRMED.**

---

[2] The issue of whether defense counsel was ineffective was raised by Glasper's motion in arrest judgment. Although a hearing was held on the motion, no testimonial evidence appears to have been received. Accordingly, the issue should be preserved so that counsel may be permitted to testify to explain counsel's actions.