# IN THE COURT OF APPEALS OF IOWA

No. 3-1148 / 13-0095
Filed March 12, 2014

**ROBERT WILLIAM SIROVY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Mahaska County, Daniel P. Wilson, Judge.

Robert Sirovy appeals from the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Jennifer Miller, County Attorney, and Tyler Eason, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ. Tabor, J. takes no part.

**VAITHESWARAN, J.**

Robert Sirovy was found guilty of three counts of third-degree sexual abuse. He appealed. Before the appeal could proceed, Sirovy's appellate attorney moved to withdraw on the ground that the appeal was frivolous. *See* Iowa R. App. P. 6.104.[1] The Iowa Supreme Court granted the motion and dismissed the appeal.

Sirovy filed an application for postconviction relief. Following a hearing, the district court denied his various claims for relief and dismissed the application.

On appeal from that dismissal, Sirovy contends his direct-appeal attorney was ineffective in failing to pursue three issues: (1) the claimed ineffectiveness of his trial attorney in failing to object to the following question directed to him on cross-examination: "And you have a previous felony conviction, don't you?" (2) the district court's admission of items he gave the complaining witness, over his trial attorney's objection that the State failed to establish a proper chain of custody; and (3) the district court's denial of his request to retain fingerprint and handwriting experts to analyze a letter that was excluded from the record.[2] To prevail, Sirovy must show appellate counsel breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Sirovy's claim fails on the prejudice prong, which requires a showing of "'a reasonable

---

[1] This rule has since been renumbered as Iowa Rule of Appellate Procedure 6.1005. It was also amended to state "the withdrawal procedures cannot be used in . . . direct criminal appeals following trial . . . ."

[2] Sirovy's direct appeal attorney filed a brief in connection with his motion to withdraw, which flagged two potential issues: (1) the sufficiency of the evidence, and (2) whether the district court abused its discretion in sentencing Sirovy. The attorney suggested neither was viable.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *See State v. Utter*, 803 N.W.2d 647, 654 (Iowa 2011) (quoting *Strickland*, 466 U.S. at 694)).

The complaining witness was a fourteen-year-old girl. She testified that, when she was thirteen, Sirovy stayed in her family's home for several days. While her parents delivered newspapers in the early hours of the morning, Sirovy entered her room and asked her to make love to him. She said "No." Sirovy came in a day or two later and gave her a note saying she would lose her virginity that night and if she told anyone, he would hurt her. He held a knife to her face and committed two sex acts on her. On another occasion, he came into her room and had vaginal intercourse with her.

The girl's younger brother testified that he saw one of the episodes. A physician who examined the girl testified that she had a lengthy tear in her hymen. The physician did not believe the tear was self-inflicted; in her view, the tear was consistent with the insertion of a penis into a vagina.

We conclude there is no reasonable probability an objection to the prosecutor's single general question about a prior felony would have changed the outcome. We further conclude there is no reasonable probability that success on Sirovy's chain-of-custody objection would have changed the outcome. Finally, we conclude there is no reasonable probability of a different outcome had Sirovy been allowed to retain experts to analyze a letter that was not admitted. Accordingly, we affirm the district court's denial and dismissal of Sirovy's postconviction relief application.

**AFFIRMED.**