# IN THE COURT OF APPEALS OF IOWA

No. 13-0966
Filed July 16, 2014

**MICHAEL EUGENE HORLAS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, David H. Sivright Jr. (summary judgment) and Paul L. Macek (postconviction ruling), Judges.

Michael Horlas appeals the district court's summary dismissal and denial of the claims raised in his application for postconviction relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael J. Walton, County Attorney, and Jerald Feuerbach, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

In 2000, Michael Horlas attacked his father, who later died. Horlas was charged with first degree murder,[1] willful injury, domestic assault with injury, and obstruction of emergency communication. The jury found Horlas guilty as charged. Horlas appealed, challenging the sufficiency of the evidence, and this court affirmed the judgment and sentence entered by the district court. *State v. Horlas*, No. 01-1764, 2002 WL 31757451, at *4 (Iowa Ct. App. Dec. 11, 2002).

In 2003, Horlas filed an application for postconviction relief. Over a period of nearly a decade, Horlas was appointed a series of counsel. In 2012, Horlas, through counsel, filed an amended PCR application. Several of his claims were rejected by the district court on the State's summary judgment motion. The surviving claims were later extinguished by the court following a PCR hearing. Horlas's June 2013 appeal was transferred to this court on May 20, 2014.

Horlas appeals the district court's summary dismissal and denial of the claims raised in his application for postconviction relief. He contends there is a genuine issue of material fact as to whether he voluntarily and intelligently waived his right to testify and whether trial counsel was justified in not pursuing a defense of insanity or intoxication. Horlas further claims his trial counsel was ineffective in failing to pursue a defense of diminished responsibility or insanity, and that he is entitled to relief under *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006) (holding an act causing willful injury that is the same act that causes

---

[1] The State amended the trial information after the death of Horlas's father to add the first-degree murder charge under alternative theories of premeditation and felony murder, based on the predicate felony of willful injury or assault causing serious injury.

the victim's death is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes).

We have carefully reviewed the record and the district court's summary judgment and PCR rulings. Upon our de novo review, *see Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012), we find the court addressed the claims raised by Horlas and we agree with the court's findings and conclusions. We observe that in his deposition, trial counsel Murray Bell discussed at length his trial strategy in light of the results of Horlas's psychiatric evaluation, which was completed at Horlas's request in preparation of his defense for his underlying criminal trial.[2] Specifically, trial counsel stated it was his opinion "there wasn't anything there for Mr. Horlas" in terms of a viable defense of diminished responsibility or insanity because the expert testimony would not support either defense at trial, and he was concerned about opening the door to the State's independent evaluation of Horlas. Trial counsel also discussed Horlas's rejection of a plea offer to second-degree murder, which was made by the State based on the possibility Horlas was intoxicated at the time of the offense, and stated his reasons for deciding not to pursue an intoxication defense at trial. Even if we were to conclude counsel's strategic decisions rose to the level of ineffective assistance (which we do not), Horlas's claims in regard to counsel's performance are conclusory and fall well short of satisfying his burden to prove he was prejudiced by counsel's alleged inaction. *See Ennenga*, 812 N.W.2d at 701. ("There is a presumption the attorney acted competently, and prejudice will not be found unless there is a

---

[2] Horlas was initially represented by Marsha Arnold. When Horlas's father died and the State amended the trial information to include a murder charge, Arnold withdrew, and Bell was appointed to represent Horlas.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (internal quotation marks omitted)); *State v. Utter*, 803 N.W.2d 647, 652 (Iowa 2011) (providing a defendant must prove both the "essential duty" and "prejudice" elements of an ineffective-assistance-of-counsel claim by a preponderance of the evidence).

Finally, we note the Iowa Supreme Court's ruling in *Heemstra* is inapplicable to this case because Horlas's direct appeal was final prior the decision in *Heemstra*. *See Langdeaux v. State*, No. 10-1625, 2012 WL 1439077, at *5-6 (Iowa Ct. App. Apr. 25, 2012) (denying various claims concerning the nonretroactivity of the *Heemstra* decision and observing the *Heemstra* court expressly "limited its decision 'to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court'" (quoting *Heemstra*, 721 N.W.2d at 558)).

Any further discussion of the issues raised by our court would add little to and not change the disposition of this case. Accordingly, we affirm the district court's summary judgment and PCR rulings denying Horlas's application for postconviction relief. *See* Iowa Ct. R. 21.26(1)(a), (d).

**AFFIRMED.**