# IN THE COURT OF APPEALS OF IOWA

No. 14-0059
Filed November 13, 2014

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**SHAWN T. JONES,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mark J. Smith,

Judge.

Shawn Jones appeals from the judgment and sentence entered after he

pled guilty to first-degree burglary. **AFFIRMED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney

General, Michael Wolf, County Attorney, and Ross Barlow, Assistant County

Attorney, for appellee.

Considered by Vogel, P.J., Potterfield, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Shawn Jones appeals from the judgment and sentence entered after he pled guilty to first-degree burglary and possession of a firearm as a felon with a habitual offender enhancement. He contends counsel was ineffective in failing to file a motion in arrest of judgment because his plea to the burglary charge lacks a factual basis. He also contends a discrepancy in his sentencing requires correction.

We review ineffective-assistance-of-counsel claims de novo. *State v. Utter*, 803 N.W.2d 647 (Iowa 2011). Although such claims are normally preserved for postconviction-relief proceedings, we will address them on direct appeal when the record is adequate. *Id.* To establish counsel was ineffective, a defendant must show counsel failed to perform an essential duty and he was prejudiced by this failure. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If counsel fails to file a motion in arrest of judgment to challenge a plea that was not voluntarily and intelligently made, counsel has breached an essential duty and prejudice is presumed. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).

Jones claims his counsel was ineffective in failing to file a motion in arrest of judgment because the record does not establish he aided and abetted a burglary. He admits he "may have agreed to commit an offense" with another person, but "he did not succeed with his desired intention." He claims the record lacks evidence he acted sufficiently as an accessory and therefore, counsel failed an essential duty by failing to file a motion in arrest of judgment and he was prejudiced.

We find the record shows an adequate factual basis for Jones's guilty plea. To support a conviction under an aiding-and-abetting theory,

> [t]he record must contain substantial evidence to show that the accused assented to or lent countenance and approval to the criminal act either by active participation in it or in some manner encouraging it prior to or at the time of its commission. Although the accused's mere presence is not enough, the requisite participation can be inferred "from circumstantial evidence including presence, companionship or conduct before and after the offense is committed."

*State v. Miles*, 346 N.W.2d 517, 520 (Iowa 1984). During the plea colloquy, Jones stated he knew another person was going to enter an occupied structure and try to commit a theft, and he intended to help commit the theft. Jones arrived at the victim's house armed with a gun to help commit the burglary. The record shows Jones actively participated in the crime prior to its commission. Because counsel had no duty to file a motion in arrest of judgment challenging the factual basis for the plea, we affirm Jones's conviction for first-degree burglary.

Jones also contends a discrepancy in the district court's oral pronouncement regarding the repayment of court-appointed attorney fees and the written sentencing order must be corrected. At the hearing, the court stated, "Based on your history of unemployment, the Court finds that you're not able to pay [attorney fees] and would not impose those fees at this time." In the written judgment entry, filed the same day, the court states it "finds the defendant is unable to pay court-appointed attorney fee" before ordering Jones to perform community service at a rate of $7.25 per hour to reimburse the State.

There is a discrepancy between the court's oral pronouncement waiving attorney fees and the judgment entry ordering Jones to reimburse the State for

those fees.  The question is how to remedy it.  Jones seeks to have the discrepancy corrected by a nunc pro tunc order.  A nunc pro tunc order is available to correct clerical errors, not judicial ones.  *State v. Steffens*, 282 N.W.2d 120, 122 (Iowa 1979); *see also State v. Naujoks*, 637 N.W.2d 101, 113 (Iowa 2001) ("An order nunc pro tunc cannot be used to remedy an error in judicial thinking, a judicial conclusion, or a mistake of law.").  This is not a case where "the record unambiguously reflects that a clerical error has occurred," and accordingly, entry of a nunc pro tunc order would be improper.  *See State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995).  Because the sentencing court's intention is unclear, we instead remand for an evidentiary hearing to determine the proper method of correcting Jones's sentence.  *See id.*

**AFFIRMED AND REMANDED.**