# IN THE COURT OF APPEALS OF IOWA

No. 16-1043
Filed February 8, 2017

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**PHILLIP GERALD HOXSEY,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

 Phillip Hoxsey appeals his guilty plea, claiming it was not knowing and voluntary. **AFFIRMED.**

 Eric D. Tindal of Nidey, Erdahl, Tindal & Fisher, PLC, Marengo, for appellant.

 Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

 Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Phillip Hoxsey entered a written guilty plea to driving while barred, an aggravated misdemeanor. The plea stated the court could impose a fine of "between $625.00 and $6250.00, plus surcharge and court costs." The district court accepted the plea on the same day. In a subsequent sentencing order, the court imposed a jail sentence of 365 days, suspended all but 120 days, and placed Hoxsey on probation. The court also imposed a fine of "$625 plus costs and surcharge" but suspended the fine "due to [Hoxsey's] incarceration."

On appeal, Hoxsey contends "the guilty plea should be set aside because it was neither knowing nor voluntary." He asserts "there is no record that either [his attorney] or the Court properly advised [him] about the applicable surcharges" or assured "an adequate waiver of the" fifteen-day delay between plea and sentencing. Hoxsey concedes he failed to file a motion in arrest of judgment to challenge his plea. Accordingly, he raises the issue under an ineffective-assistance-of-counsel rubric. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011) ("One way a defendant can intrinsically challenge the voluntary and intelligent nature of his or her guilty plea is to prove 'the advice he [or she] received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases.'" (citing *State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009)).

We generally preserve ineffective assistance claims for postconviction relief so defense counsel can defend the charge. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). But where the record is adequate, we will address

the claims on direct appeal. *Id.* We find the record adequate to address the claim.

To prevail, Hoxsey must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

We begin with the surcharge issue. Iowa Rule of Criminal Procedure 2.8(2)(b)(2) "requires the court to inform the defendant of the 'mandatory minimum punishment' and the 'maximum possible punishment' before accepting a guilty plea." *State v. Fisher*, 877 N.W.2d 676, 685 (Iowa 2016). In *Fisher*, the court concluded a statutory thirty-five percent surcharge on a fine was punitive and had to be disclosed during plea proceedings. *Id.* (citing Iowa Code § 911.1(1) (2015)).

The State concedes "Hoxsey was not specifically informed the surcharge amount could be thirty-five percent of the fine imposed" but asks the court to "find substantial compliance based on the plea form's general reference to costs and surcharge." *See Fisher*, 877 N.W.2d at 679, 686 n.6 (finding it unnecessary to decide "whether failure to disclose the surcharges *alone* would have meant the plea did not *substantially comply* with rule 2.8(2)(b)(2)"). We are not persuaded the general reference to surcharges amounted to substantial compliance. The court was obligated to inform Hoxsey of the minimum fine. The plea form identified the number as $625. This was not the minimum fine. With the thirty-five-percent surcharge, the minimum fine would have been $843.75. *See id.* at 686 (noting "the surcharges made it effectively impossible that [the defendant] could ever actually be fined $315, the mandatory minimum listed on the plea form" and "[i]n fact, the actual dollar minimum was $560.25").

Assuming without deciding that counsel breached an essential duty in failing to inform Hoxsey of the actual amount of the surcharge, Hoxsey cannot establish *Strickland* prejudice. *See State v. Thompson*, No. 15-1718, 2016 WL 7403732, at *2 (Iowa Ct. App. Dec. 21, 2016). Prejudice in this context requires a showing of a reasonable probability that Hoxsey would not have pled guilty and would have insisted on going to trial. *See id.* (citing *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)). As noted, the fine was suspended. Pursuant to section 911.1(3), "[w]hen a fine or forfeiture is suspended in whole or in part, the court shall reduce the surcharge in proportion to the amount suspended." Based on this provision, we assume the surcharge also was suspended. In any event, there is no indication in our record that the surcharge was imposed.

We turn to Hoxsey's contention that "sentencing was held before the [fifteenth] day from the plea and there was not a knowing and voluntar[y] waiver filed." *See* Iowa R. Crim. P. 2.23(1) ("Upon a plea of guilty . . . upon which a judgment of conviction may be rendered, the court must fix a date for pronouncing judgment, which must be within a reasonable time *but not less than 15 days after the plea is entered* or the verdict is rendered, *unless defendant consents to a shorter time*."). The record does not support this contention.

Hoxsey signed the plea form and the district court accepted the plea on February 22, 2016. Sentence was not imposed until May 9, 2016. The fifteen-day requirement was plainly satisfied.

We affirm Hoxsey's judgment and sentence for driving while barred.

**AFFIRMED.**