# IN THE COURT OF APPEALS OF IOWA

No. 16-1553
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHON A. FABER,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.


        Jonathon Faber appeals the district court's denial of his challenge to the timeliness of the State's filing of the trial information. **AFFIRMED.**



        Amy M. Moore of Mid-Iowa Mediation & Law, P.L.L.C., Ames, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Jonathon Faber was the driver of a vehicle involved in an automobile accident in which he was seriously injured in October 2015. A police officer dispatched to the scene determined Faber had been drinking. Faber was transported to a hospital. In the emergency room the officer read Faber the operating while intoxicated (OWI) implied consent advisory. Faber refused to answer questions without an attorney present. The officer asked for blood, breath, and urine samples, which Faber refused. Faber asked the officer to leave the hospital room, but the officer declined and then "told him he was being charged with OWI" and other charges. The officer did not issue written citations at the hospital, and Faber was transported to another hospital by air ambulance. Faber subsequently had a long period of rehabilitation for the injuries suffered in the accident.

On March 3, 2016, Faber was arrested and charged with OWI. *See* Iowa Code § 321J.2 (2015). A trial information was filed Monday, April 18, 2016. Faber moved to dismiss for failure to file a speedy indictment, arguing he was arrested while at the hospital in October 2015, and the April 2016 filing of the trial information was therefore untimely or, in the alternative, the filing of the trial information was more than forty-five days after his formal arrest on March 3, 2016, and the application of the filing extension under Iowa Code section 4.1(34) would violate his due process rights. The district court overruled the motion. After a bench trial on the minutes, Faber was convicted and sentenced. He has appealed.

"We review interpretations of the speedy indictment rule for errors at law." *State v. Williams*, 895 N.W.2d 856, 860 (Iowa 2017). "We are bound by the findings of fact of the district court if they are supported by substantial evidence." *State v. Wing*, 791 N.W.2d 243, 246 (Iowa 2010), *overruled on other grounds by Williams*, 895 N.W.2d at 864-67. We review constitutional due process issues de novo. *See State v. Jackson*, 878 N.W.2d 422, 428 (Iowa 2016).

Faber argues the forty-five days for the State to file the trial information was triggered by the officer telling him at the hospital of the officer's intent to arrest him. Iowa's general rule is: "When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed . . . ." Iowa R. Crim. P. 2.33(2)(a). He claims he was arrested at the hospital when the officer told Faber he intended to arrest and charge him with OWI.

The parties filed their briefs on April 27, 2017. On May 25, 2017, the supreme court filed its opinion in *State v. Williams*, explaining what "arrest" now means for purposes of the speedy indictment rule: "The rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate for an initial appearance."[1] 895 N.W.2d at 867. Any subjective belief Faber had concerning the statements the officer made while they were both at the hospital is of no consequence. Under the facts of this case, the speedy indictment rule was triggered when Faber was arrested and charged with OWI on March 3, 2016, and not before.

---

[1] Soon after the *Williams* decision was filed, the State filed filed a motion to affirm per rule 6.1006(2), resisted by Faber. By order of one justice of the supreme court, the motion was denied.

Faber also complains his due process rights were violated when the trial information was filed on Monday, April 18, 2016, forty-six days after his arrest. The forty-five day rule is among the rule provisions dictating the timing of certain events in the progress of a criminal case. Due process under the Iowa and United States Constitutions requires speedy progress of criminal cases, but neither document sets forth a specific time frame for satisfaction of due process. *See* U.S. Const. amend. VI; Iowa Const. art. 1, § 10. Rule 2.33(2)(a) is, by its terms, a rule of "public policy" intending to assure the timely disposition of criminal cases. The Iowa legislature has long declared the proper method of computing deadlines: "In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday." Iowa Code § 4.1(34). The forty-fifth day for fling the trial information was Sunday, April 17, 2016. Faber's argument tries to elevate the forty-five day provision of court rule 2.33(2)(a) to constitutional stature, a stature that cannot be exceeded by application of legislative action to compute time. He cites no authority in support of either contention.[2] Filing the trial information on April 18, 2016, in compliance with Iowa Code section 4.1(34), did not violate rule 2.33(2) and did not violate Faber's constitutional rights to due process.

**AFFIRMED.**

---

[2] Faber's reliance on *State v. Utter*, 803 N.W.2d 647, 653 (Iowa 2011), to support his argument is unpersuasive, if not misleading. He argues the court in *Utter* "found that '[t]his forty-five-day window for indictment closed on May 25, [2009],' despite the fact that May 25, 2009, was Memorial Day and therefore a court holiday." (alterations in original). However, the trial information was filed on June 12, not the next business day after the holiday. The court was not considering the application of Iowa Code section 4.1(34) to determine the propriety of whether a one-day delay to the next business day was allowable but whether counsel was ineffective in failing to challenge an eighteen-day delay.