# IN THE COURT OF APPEALS OF IOWA

No. 17-1749
Filed September 26, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JACK RAYMOND CARR,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David N. May (possession plea), Thomas W. Mott (driving-while-barred plea), and Eliza J. Ovrom (sentencing), Judges.

Jack Carr appeals after pleading guilty to possession of methamphetamine and driving while barred. **AFFIRMED.**

Colin R. McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

This appeal stems from two separate cases where, in a global plea agreement, Jack Carr pled guilty to possession of methamphetamine and driving while barred. The district court accepted Carr's guilty pleas in both cases, and he was sentenced to concurrent sentences of sixty days and seven days in jail. Carr appeals, alleging ineffective assistance of counsel. Because the record is inadequate to decide the merits of this issue, we affirm his convictions but preserve his claim of ineffective assistance for possible postconviction-relief proceedings.

The standard of review for guilty pleas resulting from counsel's ineffective assistance is de novo. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). Generally, we preserve claims of ineffective assistance of counsel for postconviction-relief proceedings to allow the record to be developed. *See State v. Gomez Garcia*, 904 N.W.2d 172, 186 (Iowa 2017); *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017). However, we may resolve the claim on direct appeal if the record before us is adequate. *Virgil*, 895 N.W.2d at 879.

In the possession case, Carr argues that if his attorney had made an investigation and conducted proper discovery, information may have been found that could have supported a suppression motion, which might have resulted in dismissal of the charge. In the driving-while-barred case, Carr argues that if his attorney had made an investigation and conducted discovery, information may have been uncovered that might have undermined the credibility of the deputy who stopped him. We find the record wholly insufficient to make any determination of whether counsel breached any duty.

When the record on direct appeal is inadequate to resolve an ineffective-assistance-of-counsel claim, we "must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim." *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).  Accordingly, we affirm Carr's conviction, judgment, and sentence, and we preserve his ineffective-assistance-of-counsel claim for possible postconviction-relief proceedings to allow the record to be developed.

**AFFIRMED.**