# In the Iowa Supreme Court

No. 23–1285

Submitted September 12, 2024—Filed October 4, 2024

**State of Iowa,**

Appellee,

vs.

**Eric Lamont Harris,**

Appellant,

Appeal from the Iowa District Court for Johnson County, Brandon Schrock, district associate judge.

Eric Harris seeks review of the district court's refusal to dismiss a criminal prosecution based on a violation of the speedy-indictment rule. **Reversed and Remanded.**

May, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee.

**May, Justice.**

Iowa Rule of Criminal Procedure 2.33 requires speedy indictment. This means that the state usually has only forty-five days to either secure an indictment or file a trial information, which our rules treat as equivalent to an indictment. Either way, the state only has forty-five days. If the state misses the deadline, the prosecution must be dismissed.

Sometimes, there is a question about *what event* starts the forty-five-day clock. The answer depends on whether the case is governed by the newly amended version of rule 2.33, which took effect July 1, 2023, or by the *pre*-amendment version of rule 2.33.

The *amended* rule is explicit about when the forty-five-day period starts. It says that "the 45-day period commences for an adult only after the defendant has been taken before a magistrate for an initial appearance or a waiver of the initial appearance is filed." Iowa R. Crim. P. 2.33(2)(*a*) (2023).

The *pre*-amendment rule is not as explicit about when the forty-five-day period starts. But that gap has been filled through our opinions in *State v. Williams*, 895 N.W.2d 856 (Iowa 2017), and *State v. Watson*, 970 N.W.2d 302 (Iowa 2022). *Williams* and *Watson* explain that under the pre-amendment rule, the forty-five-day period starts when the police either arrest the defendant or issue a citation in lieu of arrest, which our law treats as equivalent to an arrest.

Here, the parties agree that the *pre*-amendment rule governs. The question on appeal is whether the district court should have dismissed the prosecution because the trial information was filed on the forty-sixth day after the police arrested the defendant. The answer is yes. It is yes because, under the pre-amendment rule, the forty-five-day period began when the police arrested the defendant.

The district court erred by denying the motion to dismiss. We reverse.

**I. Factual and Procedural Background.**

Eric Harris was at the hospital on the night of March 25, 2023. After hospital staff cleared Harris medically, police arrested him on suspicion of arson and other crimes. The arrest happened at 11:58 p.m. on March 25.

The next day, March 26, Harris had his initial appearance before a magistrate.

On May 10, the State filed its trial information. The parties agree that—for speedy-indictment purposes—May 10 was the forty-fifth day after Harris's initial appearance. But it was the *forty-sixth* day after the police arrested Harris on March 25.

On May 15, Harris moved to dismiss. Harris relied on the pre-amendment version of rule 2.33. Harris argued that under that rule, the State was obligated to file the trial information within forty-five days after the police arrested Harris. Because the State failed to do so, Harris argued, dismissal was required.

The district court denied Harris's motion. The court read our decision in *Williams* to mean that the forty-five-day period ran from the date of Harris's *initial appearance*, not from the date when the police *arrested* Harris. And so, the court reasoned, the May 10 trial information was timely.

Harris asked our court to grant discretionary review. We granted Harris's request, and we retained the case. "We review interpretations of the speedy indictment rule for errors at law." *Watson*, 970 N.W.2d at 307 (quoting *State v. Smith*, 957 N.W.2d 669, 675 (Iowa 2021)).

**II. Merits.**

**A. Rule 2.33.** The parties agree that this case is governed by the pre-amendment version of rule 2.33(2)(*a*). That rule states in pertinent part:

> *a.* When an adult is arrested for the commission of a public offense, . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be

dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

Iowa R. Crim. P. 2.33(2)(*a*) (2022).

Although the rule has many components, most of them are not disputed here. For example, the parties agree that although the State filed a trial information rather than an indictment, that doesn't matter. The parties agree that for purposes of this rule, a trial information is equivalent to an indictment. *See id.* at r. 2.5(5).

The parties only disagree about one issue: was the trial information filed within forty-five days as the rule requires? The answer depends on *what event* started the forty-five-day period. If the forty-five-day period started with Harris's *arrest* at the hospital on March 25, then the May 10 filing occurred on the forty-sixth day—and was one day late. But if the forty-five-day period started with Harris's *initial appearance* on March 26, then the trial information was filed on the forty-fifth day—and was timely.

**B. *Williams.*** This is not the first time we have considered when the forty-five-day period begins. It was one of the two issues that we addressed in *Williams.* Those two issues were: (1) *In what cases* does the speedy-indictment rule apply? and—relevant here—(2) *If* the speedy-indictment rule does apply, *what event* is the starting point for the rule's forty-five day period? *Williams*, 895 N.W.2d at 860–65, 867.

As to the first issue, we concluded that the speedy-indictment rule only applies if two events occur: (1) the defendant is lawfully arrested by the police, *and then* (2) the defendant is taken before a magistrate. "Once the arrested person is before the magistrate," we said, "the arrest process is complete, the person is no longer under the control of the arresting officer, and all the rights under the law available to defendants become applicable, including the right to

a probable-cause preliminary hearing and the right to a speedy indictment." *Id.* at 865. And so, "[a] speedy indictment *is only needed* when a defendant is arrested *and subsequently held to answer by the magistrate following the arrest.*" *Id.* (emphasis added).

As to the second issue, we concluded that *if* the speedy-indictment rule does apply, its forty-five-day period begins when the police *arrested* the defendant. *Id.* "[*T*]*he time* for bringing the indictment," we said, "runs from the initial arrest."[1] *Id.*

**C. *Watson.*** As this last quote shows, the *Williams* court tried to make it clear that the forty-five-day period begins when the police arrest the defendant. *Id.* ("Thus, while *the time* for bringing the indictment runs from the initial arrest . . . ."); *id.* at 858 ("We conclude the speedy indictment rule is properly interpreted to *commence upon arrest* . . . ." (emphasis added)); *id.* at 867 ("The rule is triggered *from the time a person is taken into custody* . . . ." (emphasis added)). In practice, though, *Williams* left room for uncertainty about when the forty-five-day period starts. *Compare State v. Khan*, No. 20–0869, 2021 WL 3661411, at *2 (Iowa Ct. App. Aug. 18, 2021) (date of arrest), *with id.* at *2–4 (Greer, J., dissenting) (date of initial appearance). We tried to eliminate that uncertainty through our opinion in *Watson.*

In *Watson*, the police issued citations in lieu of arrest to the defendant. 970 N.W.2d at 304. For purposes of speedy indictment, though, the issuance of those citations was equivalent to an arrest. *Id.* at 308 (citing Iowa Code § 805.1(4)

---

[1]Note that in this context, an "arrest" does not include a brief investigative detention or similar "seizure for Fourth Amendment purposes." *Williams*, 895 N.W.2d at 867 (Mansfield, J., concurring specially) (emphasis omitted); *see also id.* at 868–69. Rather, an "[a]rrest for the purposes of the speedy indictment rule requires the person to be taken into custody in the manner authorized by law." *Id.* at 867 (majority opinion). This means that the arresting officer must satisfy the requirements of Iowa Code sections 804.5 and 804.14(1) (2023) by "inform[ing] the person to be arrested of the intention to arrest the person," informing the person of "the reason for [the] arrest," and so on.

(2020); *State v. Utter*, 803 N.W.2d 647, 652–53 (Iowa 2011), *overruled in part on other grounds by Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018)).

Although the police issued the citations on July 5, the initial appearance didn't occur until September 21. *Id.* at 305. The state then filed its trial information on October 6. *Id.*

Watson moved to dismiss. *Id.* Watson noted that the state's October 6 trial information was filed over ninety days after the July 5 citations. *Id.* And so, Watson argued, the trial information had been filed well after the forty-five-day period had expired. *Id.*

The district court read *Williams* to mean that the forty-five-day period ran from Watson's initial appearance on September 21, not from the issuance of the citations on July 5. *Id.* at 308. Therefore, the district court reasoned, the October 6 trial information was timely. *Id.*

We reversed and remanded for dismissal. *Id.* at 310–11. We said that the district court had "misread [*Williams*'s] holding as measuring the forty-five-day period from the date of the initial appearance rather than the date of the arrest." *Id.* at 308. We clarified that—under *Williams*—the forty-five-day period runs from "the date of the arrest," *not* the date of the initial appearance. *Id.* So because the citations issued to Watson were equivalent to an arrest, the forty-five-day period ran from the issuance of the citations to Watson, *not* his initial appearance. *Id.* And because the state filed its trial information more than forty-five days after the citations were issued, the trial information was late, and the prosecution had to be dismissed. *Id.* at 308–09.

**D. Application to Harris.** Having reviewed *Watson* and *Williams*, we now apply them to Harris's case. The police arrested Harris on March 25, and his initial appearance was on March 26. So the speedy-indictment rule applies, and its forty-five-day period began on March 25, the date that the police arrested

Harris. *See id.* at 309; *Williams*, 895 N.W.2d at 867. But the State's trial information was not filed until May 10, the *forty-sixth* day after the police arrested Harris. So the trial information was untimely, Harris's motion to dismiss should have been granted, and we must reverse and remand for dismissal.

**E. Counterarguments.** We have considered all of the State's counterarguments. We mention two of them here: (1) the State's suggestion that *Watson* should be limited to cases involving citations, and (2) the State's suggestion that we should reinterpret the pre-amendment rule to match the amended version. We address each in turn.

1. Watson *as a citation case.* The State contends that *Watson* should only apply to cases involving citations in lieu of arrest, not actual arrests. We disagree. As explained, for purposes of speedy indictment, the citations in *Watson* were *equivalent to* an arrest. 970 N.W.2d at 308. So we see no good reason to limit *Watson* to citations.

Plus, the citations are not what makes *Watson* important here. *Watson* is important here because it explains *Williams*. *Watson* explains that under *Williams*, the forty-five-day period runs from the date the police arrest the defendant, not the date of the initial appearance. *Id.*

2. *Retroactive amendment.* The State also suggests that we should reinterpret the pre-amendment rule so that it will have the same meaning as the amended rule. And so, the State argues, the forty-five-day period should start with Harris's initial appearance—as the amended rule requires—and not with Harris's arrest, as we interpreted the pre-amendment rule to require in *Williams* and *Watson.*

We disagree. To put it simply, because the parties agree that the *pre*-amendment rule governs this case, we do not think the case should be governed instead by the *amended* rule, which has not merely clarified Iowa's

speedy-indictment law but rather has changed the law by selecting a different event—the initial appearance—to start the forty-five-day period.

Also, although we acknowledge that the language of the pre-amendment rule is open to multiple reasonable interpretations, this court has already chosen among them. We chose a reasonable interpretation in *Williams* when we said, "[*T*]*he time* for bringing the indictment runs from the initial arrest . . . ." 895 N.W.2d at 865. Then we reaffirmed that same reasonable interpretation in *Watson.* We decline to choose a different interpretation now, as the pre-amendment rule fades into legal history. Rather, we follow *Williams* and *Watson,* and we conclude that the forty-five-day clock started when the police arrested Harris.

### III. Disposition.

To recap, rule 2.33 usually allows the state only forty-five days to file a trial information. Under the *pre*-amendment version of rule 2.33, that forty-five-day period runs from when the police arrest the defendant. Because the pre-amendment rule applies here, and because no trial information was filed within forty-five days after the police arrested Harris, the prosecution against Harris must be dismissed. We reverse and remand for dismissal.

**Postscript:** In the interest of clarity, we add two final notes. First, we again emphasize that the *amended* version of rule 2.33 operates differently than the *pre*-amendment rule that we have applied in this case. Specifically, the amended rule states that "the 45-day period commences for an adult only after the defendant has been taken before a magistrate for an initial appearance or a waiver of the initial appearance is filed." Iowa R. Crim. P. 2.33(2)(*a*) (2023).

Second, we note that the amendment of rule 2.33 was part of a larger revision of chapter 2 of the Iowa Rules of Criminal Procedure. Through our order

dated October 14, 2022, we explained the effective date of that revision as follows:

> **Effective Date.** The revised Chapter 2 Iowa Rules of Criminal Procedure filed in conjunction with this order are effective July 1, 2023, subject to Legislative Council review as provided by Iowa Code section 602.4202. This includes criminal cases filed after that date *and criminal cases already pending on that date.* However, judicial districts or individual district judges may, in the exercise of their discretion, exempt any case that was pending before July 1, 2023, from one or more of the revised rules.

Iowa Sup. Ct. Supervisory Order, *In the Matter of Adopting Revised Chapter 2 Iowa Rules of Criminal Procedure* (Oct. 14, 2022).

**Reversed and Remanded.**