# IN THE COURT OF APPEALS OF IOWA

No. 14-1473
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY JAMES McCLAIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Nathan A. Callahan, District Associate Judge.


        Defendant appeals from his sentence for driving while barred as a habitual offender. **AFFIRMED.**


        Carl F. Stiefel II, Victor, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

Timothy McClain appeals from his sentence for driving while barred as a habitual offender, in violation of Iowa Code sections 321.560 and 321.561 (2013). McClain maintains he received ineffective assistance from trial counsel because counsel allowed McClain to plead guilty without being advised of the possible maximum sentence and fines to be imposed.

To prevail on a claim of ineffective assistance of counsel, McClain must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *State v. Rodriguez,* 804 N.W.2d 844, 848 (Iowa 2011). To prove counsel failed to perform an essential duty, he must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *See Strickland v. Washington,* 466 U.S. 668, 688 (1984). McClain must overcome a strong presumption of counsel's competence. *Id.* at 689. To establish prejudice, he must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The claim fails if either element is lacking. *See Everett v. State,* 789 N.W.2d 151, 159 (Iowa 2010).

We generally preserve ineffective-assistance-of-counsel claims for postconviction-relief proceedings. *State v. Utter,* 803 N.W.2d 647, 651 (Iowa 2011); *see also* Iowa Code § 814.7(3) (2011) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."). "Only in rare cases will the trial

record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). We prefer to reserve such claims for development of the record and to allow trial counsel to defend against the charge. *Id.* If the record is inadequate to address the claim on direct appeal, we must preserve the claim for a postconviction-relief proceeding, regardless of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

"When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (internal citation omitted). "In the context of guilty pleas, a defendant may establish the occurrence of prejudice by showing there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial." *Irving v. State*, 533 N.W.2d 538, 541 (Iowa 1995) (internal quotation marks omitted). Our supreme court has rejected "a per se rule of prejudice when the district court fails to tell the defendant the maximum sentence on an ineffective assistance of counsel claim." *State v. Straw*, 709 N.W.2d 128, 137-38 (Iowa 2006).

Because we do not know if McClain's counsel informed him of the maximum sentence for the offense, the record is not adequate to address the claim of ineffective assistance of counsel, and we preserve it for possible postconviction-relief proceedings.

**AFFIRMED.**