# IN THE COURT OF APPEALS OF IOWA

No. 14-1121
Filed August 5, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CURTIS UDELL WHITE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.

A defendant appeals his conviction for operating while intoxicated. **AFFIRMED.**

Kenneth A. Weiland Jr of Weiland Law Firm, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Maurice Curry, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., and Mullins and McDonald, JJ.

**TABOR, P.J.**

Curtis White appeals his conviction for operating while intoxicated (OWI), focusing on the district court's denial of his motion to suppress. But White's arguments bypass the fact that he entered a guilty plea. Claims of ineffective assistance arising from counsel's failure to properly raise a suppression issue may survive the entry of a guilty plea, but White does not rely on that exception to the principle that a guilty plea waives all defenses and objections not intrinsic to the plea. Accordingly, we decline to consider his suppression issue and affirm his conviction.

The State charged White with operating while intoxication following an early-morning traffic stop during which the Des Moines police officer smelled the odor of alcoholic beverages on White's breath. After police invoked implied consent, White agreed to provide a breath sample. According to the DataMaster test, White's blood alcohol content was .132 percent.

White filed a motion to suppress the evidence obtained during the investigation, claiming police lacked probable cause to initiate the traffic stop. The district court denied the suppression motion finding the stop was justified based upon a speeding violation. Following the denial of the motion to suppress, White pleaded guilty to OWI. The court sentenced him to one year in prison, with all but four days suspended and gave him credit for one day of time served. White now appeals.

If we were to reach the merits of White's suppression issue, our review would be de novo. *State v. Leaton*, 836 N.W.2d 673, 676 (Iowa Ct. App. 2013).

But given the entry of a guilty plea in this case, our review is for correction of errors at law. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011).

"It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant can intrinsically challenge the voluntary and intelligent nature of his guilty plea by proving his counsel provided advice regarding the plea that fell outside the range of competence demanded of criminal defense attorneys. *See Utter*, 803 N.W.2d at 651. But on appeal White does not claim that plea counsel provided ineffective assistance or his plea was involuntary. He raises only a straight-up challenge to the suppression ruling. White waived that challenge by entry of his guilty plea. *See Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011) (discussing difference between claims intrinsic to the plea and claims that are not). Because of the waiver, we do not address the merits of his suppression claim and affirm his OWI conviction.

**AFFIRMED.**