**IN THE COURT OF APPEALS OF IOWA**

No. 15-0739
Filed February 24, 2016

**BRETT ALAN MAPLE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jasper County, Richard B. Clogg,

Judge.

Brett Maple appeals the district court's dismissal of his application for

postconviction relief, asserting a claim of ineffective assistance of counsel.

**AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des

Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Brett Maple appeals the district court's dismissal of his application for postconviction relief (PCR), asserting a claim of ineffective assistance of counsel. Maple contends his trial counsel failed to advise him that, unless the sentencing judge ordered otherwise, Iowa law required the sentence he received to run consecutively to the sentence imposed for his parole violation. Maple claims that had he been properly advised by counsel, he would have asked for concurrent sentences during the plea bargaining and would never have agreed to the plea agreement he received. We affirm.

### I. Background Facts and Proceedings.

In November 2013, the State filed a trial information charging Maple with: (1) possession of methamphetamine, third or subsequent offense, a class "D" felony; (2) felon in possession of firearm or offensive weapon, a class "D" felony; and (3) three counts of possession of prescription drug without prescription, serious misdemeanors. The trial information additionally alleged Maple was subject to the sentencing enhancements under Iowa Code sections 902.8 (2013) (habitual offender) and 124.411 (second or subsequent offender).[1] In December 2013, pursuant to a plea agreement, Maple pled guilty to possession of methamphetamine and admitted it was a third or subsequent offense. In exchange for his plea, the State agreed to dismiss the remaining counts and enhancements. Both parties recommended a sentence of incarceration for a term not to exceed five years. The district court accepted the

---

[1] The sentencing enhancement charges were based upon Maple's felony convictions in 1995, 2001, and 2006 for possession of methamphetamine with intent to deliver.

plea, and Maple requested the court to immediately proceed to sentencing. Maple was sentenced to a term of incarceration not to exceed five years.

At the time of the guilty plea and sentencing hearing, Maple was on parole for a prior offense. At the hearing, he acknowledged he understood that a plea of guilty could affect the status of his parole. Iowa Code section 908.10 provides, in part: "The new sentence of imprisonment for conviction of a felony shall be served consecutively with the term imposed for the parole violation, unless a concurrent term of imprisonment is ordered by the court." But, whether the sentence would run concurrent with or consecutive to his parole violation sentence was not addressed at the hearing, and the written judgment entry is silent on the matter. As a result of this new felony conviction, Maple's parole for his previous conviction was revoked,[2] and the term imposed for the parole violation was ordered to run consecutive to his sentence for the new felony conviction.[3]

In June 2014, Maple filed his pro se PCR application. He alleged ineffective assistance of counsel because he was not informed by his attorney that his sentence would run consecutively to the sentence imposed for the parole violation. Maple asserted had he known his sentence would be run consecutively to his parole violation sentence, he "never would have agreed to

---

[2] Iowa Code section 908.10 also provides, in part: "When a person is convicted and sentenced to incarceration in this state for a felony committed while on parole, . . . the person's parole shall be deemed revoked as of the date of the commission of the new felony offense."

[3] In the "Course of Proceedings" section of his brief, Maple states he, "in accordance with Iowa Code [section] 908.10, was later sentenced to a consecutive term of incarceration by the parole board." The record of Maple's parole revocation and imposition of a consecutive term of incarceration is not before us. The State accepts Maple's statement "as adequate and essentially correct."

the plea bargain." He also stated had he known his sentences would be run consecutively, he would have asked for concurrent sentences "during plea bargaining." The relief he sought was either vacation of the sentence and an order for new trial, or amendment of the sentencing order to provide for concurrent sentences.

Maple testified in person at the March 2015 PCR hearing. He said his trial counsel did not inform him that "when you're on parole and . . . you catch another felony, that it's automatically boxcarred or run consecutive." He said his attorney did not inform him that his sentence "could be run either consecutive or concurrent." Had he known that, he would have asked for a concurrent sentence in his plea agreement.

Maple's trial counsel testified by way of deposition. She knew Maple was on parole and had told him

> that a new conviction would be grounds for a parole revocation, that whether his parole revocation would run concurrently or consecutively to any new time would be up to the parole board, that that was a decision for the Department of Corrections, not a decision for the district court to decide.

Further, she "specifically researched [the issue] to see if we could get the district court judge to order [the sentence] concurrent, and I found through my research that he could order it, but it wouldn't make a difference, that the parole board could do what they wanted."

In its ruling, the PCR court concluded:

> Maple's claim fails because he cannot establish that his counsel's performance was outside the normal range of competency. Maple failed to present any evidence that what occurred in his case fell outside the standard of care. Indeed, Maple's trial counsel

successfully negotiated a plea agreement that substantially cut Maple's exposure to a much longer term of incarceration.

Additionally, Maple cannot establish prejudice. To establish prejudice, Maple must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Maple's counsel negotiated a plea agreement that allowed Maple to avoid a fifteen year indeterminate sentence as a habitual offender with a mandatory minimum sentence of three years. In addition, he avoided the possibility of being convicted of the offenses charged in the other counts of the trial information which were all dismissed.

Therefore, Maple's claim for ineffective assistance of counsel fails, and his [PCR] application . . . is dismissed.

(Internal citations omitted.)

Maple now appeals, claiming he received ineffective assistance of counsel. He asks that his plea be revoked and the case be remanded for new proceedings.

## II. Discussion.

Ineffective-assistance-of-counsel claims are analyzed under the familiar two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To succeed on his ineffective-assistance-of-counsel claims, Maple must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure. *See id.* "Prejudice exists where a claimant proves 'a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citation omitted). Because reversal is only warranted if both prongs of this test are proven by a preponderance of the evidence, we can affirm the PCR court's rejection of Maple's claims if we determine either prong is absent. *See id.* Our review is de novo. *Id.*

***Breach of Duty.*** Section 908.10 empowers a district court judge with the choice to either order the new felony sentence to be served consecutively or concurrently with the term imposed for the parole violation. This choice between two alternatives implicates the court's discretion. On appeal, Maple asserts his trial counsel failed to perform an essential duty by "unambiguously misinform[ing]" him "as to the possibility of his sentences running concurrent, and, in fact, in such advice, effectively deprived him of any ability to even request that such sentences be run concurrent."[4] Maple was misinformed regarding section 908.10. He was not told the sentencing court had authority to order a concurrent term of imprisonment. Instead, his counsel told him that whether the sentence was to run concurrent or consecutive was a decision for the parole board, not the sentencing court. In analyzing Maple's ineffective-assistance claim, we need not first determine whether his trial counsel's performance was deficient before examining the prejudice component of his claim. We elect to focus our analysis on the prejudice prong of the ineffective-assistance-of-counsel test.

***Prejudice.*** On appeal Maple argues he "was clearly prejudiced by waiving his right to a trial based on the misstatement of law provided to him by his trial counsel." "[T]o demonstrate prejudice in the plea-bargaining process 'a [claimant] must show the outcome of the plea process would have been different with competent advice.'" *Dempsey*, 860 N.W.2d at 869 (quoting *Lafler v. Cooper*,

---

[4] The State makes no response to Maple's breach-of-duty argument.

566 U.S. \_\_\_, \_\_\_, 132 S. Ct. 1376, 1384 (2012)).[5]  Specifically, to meet the prejudice prong in this context, Maple must establish that but for his counsel's breach of duty, he would not have pled guilty and would have instead elected to stand trial.  *See State v. Utter*, 803 N.W.2d 647, 654 (Iowa 2011).  Furthermore, "'conclusory claims of prejudice' are not sufficient to satisfy the prejudice element."  *State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006) (citation omitted).

Maple claims had he been properly advised, his decision making on the plea would have been different.  He "would have asked for concurrent sentences at plea bargaining" and would have argued for concurrent sentences to the court.  He says he "never would have agreed to the plea bargain."  These assertions do not satisfy the prejudice prong, for nowhere—not in his PCR application, not in his testimony at the PCR hearing, and not in his appellate brief—does Maple assert that had he been properly advised, he would have not pled guilty and would instead have insisted on standing trial.  Without such an assertion, Maple does not establish the prejudice prong of the ineffective-assistance-of-counsel test.  *See Utter*, 803 N.W.2d at 654.

Even if such an assertion could be teased out of Maple's filings and testimony, he has not established a reasonable probability that, but for his counsel's misinformation, he would not have pled guilty.  Maple faced two class "D" felony charges, with a potential five-year sentence for each charge; three serious misdemeanor charges, with a potential one-year sentence for each charge; a habitual offender sentencing enhancement, requiring service of a

---

[5] Prejudice is presumed in cases of a breach of plea agreement by the State and where there is no factual basis for the plea.  *See, e.g., State v. Lopez*, 872 N.W.2d 159, 170 (Iowa 2015); *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).

minimum of three years confinement before becoming eligible for parole; and a fifteen-year second or subsequent offender sentencing enhancement. As a part of the plea agreement, the State agreed to dismiss one felony charge, as well as the serious misdemeanor charges and the sentencing enhancements; thus, by pleading, Maple avoided the potential imposition many additional years of incarceration. Under all the circumstances presented to us, we find no reasonable probability that had Maple been informed the sentencing court had discretion to order a concurrent sentence, he would have rejected the favorable plea agreement and would instead have insisted on going to trial. Again, Maple has failed to establish the prejudice prong of the ineffective-assistance-of-counsel test. *See, e.g.*, *State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) (finding no prejudice where defendant accepted favorable plea agreement that avoided mandatory minimum and lifetime supervision).

Because we find Maple has not established the prejudice prong of his ineffective-assistance-of-counsel claim, we affirm the district court's dismissal of Maple's PCR application.

**AFFIRMED.**