# IN THE COURT OF APPEALS OF IOWA

No. 15-0402
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JERAMY CORDALL LOWE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris (plea) and Joel A. Dalrymple, (sentencing), Judges.

After pleading guilty, a defendant challenges his conviction for possession of cocaine with intent to deliver. **AFFIRMED**.

John L. Thompson, Tama, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Katie Krickbaum, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Jeremy Lowe was incarcerated while awaiting trial. Contending he "rather hastily" decided to plead guilty, Lowe asked the district court to grant his motion in arrest of judgment. The court declined and sentenced Lowe to an indeterminate ten-year term for possession of crack cocaine with intent to deliver. On appeal, Lowe claims he should have been allowed to withdraw his guilty plea. Lowe also complains the district court ignored his pro se filings and defense counsel "neglected" to test the State's case through a motion to suppress. Lowe asserts he deserved a hearing to assess the breakdown in communications with his attorney. Lowe also argues he did not receive effective assistance of counsel in connection with his guilty plea, but acknowledges he needs an opportunity to develop the record.

Finding no abuse of discretion, we affirm the district court's denial of Lowe's motion in arrest of judgment. In addition, we conclude that by pleading guilty, Lowe waived his direct challenge to issues not intrinsic to his plea—including his claims involving the waiver of speedy trial, suppression of evidence, and discovery. But we agree with Lowe's final points and preserve his claims concerning a breakdown in communications with his attorney and ineffective assistance of counsel regarding the voluntariness of his guilty plea for possible postconviction relief (PCR) proceedings.

I.      **Facts and Prior Proceedings**

The State charged Lowe with possession of crack cocaine with intent to deliver, a class "C" felony, in violation of Iowa Code section 124.401(1)(c) (2013),

by trial information filed on July 25, 2014. The public defender had a conflict in Lowe's case, so the court appointed private counsel. On August 29, 2014, Lowe filed a pro se request for a new attorney because he had no contact with his previously appointed counsel. The court appointed attorney Ann Laverty on September 15, 2014.

In early October 2014—using "Inmate Request Forms"—Lowe filed a pro se request for a motion to suppress, a pro se motion to dismiss on speedy trial grounds, a pro se request to represent himself regarding a motion to suppress, and a pro se motion for depositions. The district court responded to the pro se filings with notices indicating Lowe's correspondence, which was not served on opposing counsel, was being treated as "ex parte communication" from a represented defendant. The notices stated the court would consider Lowe's motions only if filed by counsel. Also in October, defense counsel filed a speedy trial waiver signed by Lowe and, four days later, filed a renewed demand for speedy trial.

Lowe continued to file pro se requests on a regular basis through November and December 2014. On December 8, 2014, he filed a request with the clerk of court asking: "What are the grounds for a new counsel? Can I request a certain attorney to my case while I'm indigent?" On December 12, 2014, after the court continued his jury trial until December 16, Lowe filed a pro se motion seeking new counsel, alleging attorney Laverty failed to communicate with him or "build a defense" for his trial. The record does not show the court considered these pro se inquiries.

On December 16, 2014, at the hour the trial was scheduled to start and outside the presence of the jury, Lowe personally told the court he had a change of heart and wanted to enter a plea of guilty. The State was not offering a plea deal. The district court repeatedly advised Lowe it was "not trying to talk [him] in or out of anything" but simply wanted to inform him of the rights he was giving up by entering a guilty plea. The court assured Lowe there would be "no negative consequences" if he changed his mind again; "we'll bring you back over and we'll start this jury trial this afternoon."

Lowe confirmed he wished to go ahead with the guilty plea. He told the court he made a voluntary decision on his own to plead guilty. Lowe said he understood the elements of the charge the State would have to prove and discussed them with his attorney. Lowe did not object to incorporating the minutes of evidence into the proceeding to establish a factual basis for his offense. Lowe told the court he possessed crack cocaine in his pants pocket on July 9, 2014. Lowe said he was going to deliver it to someone else and knew it was crack cocaine. Attorney Laverty told the court she was not aware of any defenses other than a general denial. Lowe agreed he had a "full and fair opportunity" to meet with his attorney and discuss his case and any possible defenses. Lowe told the court he was satisfied with her services.

On January 2, 2015, Lowe filed a pro se motion in arrest of judgment. On January 6, the district court issued an order, declining to take action on the pro se correspondence, which was "not properly captioned or served." The order noted Lowe "pleaded guilty in open court" and was represented by counsel. The

court indicated it would set a hearing if "counsel for Defendant wishes to file a Motion in Arrest of Judgment." Counsel filed a motion in arrest of judgment on February 2, 2015, asserting "[t]here is no evidence that Defendant possessed the cocaine base with the intent to deliver it to another person."

On February 26, 2015, Lowe appeared with counsel at a hearing on his motion in arrest of judgment. Counsel stated:

> [T]he plea was done rather hastily, and I can't verify that Mr. Lowe was advised in writing of all the consequences that he might have if he pled as charged to this particular count on the eve of trial and so he felt like he was under pressure, and for that reason made his plea but believe that it was improperly made.

The district court denied Lowe's motion in arrest of judgment and proceeded to sentencing. In his allocution, Lowe said he took "full responsibility for the poor choice he made in purchasing and possessing the $25 piece of crack rock I am here for." He asked for probation. The district court told Lowe he "made a good impression" with his allocution, and he had "a great deal of potential." But the court noted Lowe was on parole for a willful-injury conviction at the time of the drug offense and had admitted to officers he planned to break up the $25 rock of crack cocaine into smaller rocks to resell. Lowe also was carrying nearly $700 in cash at the time of his arrest. The court sentenced Lowe to an indeterminate ten-year term but did not impose the mandatory minimum one-third term.

Lowe filed a timely notice of appeal.

**II.     Scope and Standards of Review**

We generally review a defendant's challenges to his guilty plea for correction of errors at law. *See State v. Utter,* 803 N.W.2d 647, 651 (Iowa 2011). But to the extent Lowe claims his guilty plea resulted from counsel's ineffective assistance—a constitutional challenge—our review is de novo. *See id.*

We review the district court's denial of Lowe's motion in arrest of judgment for an abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). We will find an abuse of discretion only if the district court exercised its discretion on clearly untenable or unreasonable grounds. *Id.*

**III.     Analysis**

Lowe raises five issues on appeal: (1) denial of a hearing on his dissatisfaction with counsel, (2) violation of his right to speedy trial, (3) ineffective assistance of counsel for lack of preparation of his case, (4) failure to hold hearings on his pro se motions to suppress and for discovery, and (5) denial of his motion in arrest of judgment. Only one of these issues can be decided on direct appeal—whether the district court abused its discretion in denying his motion in arrest of judgment.

Lowe's guilty plea waived the appellate claims concerning speedy trial, suppression, and discovery, unless Lowe can show counsel breached a duty in advance of the guilty plea rendering his plea involuntary or uninformed. *See Utter*, 803 N.W.2d at 651; *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011); *State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009). As discussed below, we believe it is necessary to preserve for further development Lowe's claims

concerning any breakdown in communication with his attorney and the adequacy of her performance leading up to the guilty plea.

### A. Motion in Arrest of Judgment

Iowa Rule of Criminal Procedure 2.24(3) is the vehicle for a defendant to argue no judgment can be rendered on a plea of guilty because the plea proceeding was somehow inadequate under the requirements of Iowa Rule of Criminal Procedure 2.8(2). Lowe moved in arrest of judgment before his sentencing, but did not point to any specific problem with the plea proceeding. Instead, defense counsel argued at the hearing on Lowe's motion in arrest of judgment that "Lowe would acknowledge that at the guilty plea hearing he was in possession of his faculties, but that he doesn't feel like he had full opportunity to discuss the case with me and to consider all of the consequences of his guilty plea as charged."

After reviewing the record of the guilty-plea hearing, the district court rejected the premise of Lowe's motion. The court noted attorney Laverty was appointed in mid-September 2014 and the plea was in mid-December 2014—"so there was ample time" for counsel to be familiar with the case and consult with Lowe. The court also highlighted portions of the plea transcript showing Lowe's personal affirmation that he was pleading guilty voluntarily and was satisfied with his attorney's representation. The court determined judgment could be pronounced and denied Lowe's motion in arrest of judgment.

Lowe's appellate counsel argues because his client "was raised in the deep south," he was "culturally susceptible to educated counsel's suggestion to

just plead guilty and an attempt will be made to get a good sentence outcome, or such blather." But appellate counsel acknowledges there is no record to support his argument. On the record before us, we cannot find the district court abused its discretion in denying Lowe's motion in arrest of judgment. On its face, the plea hearing satisfied the provisions of Iowa Rule of Criminal Procedure 8(2)(b).

### B. Preservation of Claims Concerning Trial Counsel's Performance and a Breakdown in the Attorney-Client Relationship

Lowe argues he was denied his right to effective assistance of counsel under the U.S. Constitution and article I, sections 9 and 10 of the Iowa Constitution. He believes the record suggests "neglect" of his "legal needs" on the part of trial counsel, as well as a breakdown in their attorney-client relationship. But Lowe acknowledges "[t]he record is silent as to any preparation and digging by counsel." Both Lowe and the State ask for preservation of his claims involving trial counsel for PCR proceedings.

We agree it is necessary to preserve Lowe's claims concerning counsel. As a general rule, "a criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel." *Castro*, 795 N.W.2d at 792. But irregularities intrinsic to the guilty plea—in other words, those that bear on the knowing and voluntary nature of the plea—stand as an exception to the waiver rule and survive for a later challenge. *See id.* Lowe cites *Utter* and *Carroll* for the proposition that but for counsel's failure to adequately protect his trial rights, he would not have entered his guilty plea and would have instead elected to go forward with his jury trial. We conclude the question whether trial counsel breached a duty in advance of

Lowe's plea that rendered his plea unintelligent or involuntary should be taken up in a PCR proceeding. *See Carroll*, 767 N.W.2d at 646.

Lowe also cites *State v. Tejeda*, 677 N.W.2d 744, 752 (Iowa 2004), for the proposition that the district court had a duty to inquire into the alleged breakdown in communication between him and his attorney when Lowe repeatedly filed pro se requests for substitute counsel. In *Tejeda*, our supreme court explained district courts are not required to "conduct a hearing every time a dissatisfied defendant lodges a complaint about his attorney." 77 N.W.2d at 751. To make a "colorable complaint," the defendant must offer evidence of "a severe and pervasive conflict with his attorney" or of such minimal contact that meaningful communication was not possible. *Id.* at 752. We find Lowe's pro se "motion for new counsel" filed on December 12, 2014, presented a colorable complaint concerning the lack of communication with counsel, triggering a duty to inquire on the part of the district court. We preserve the issue of whether there was a complete breakdown in communication for a PCR action. *See id.*, 677 N.W.2d at 755.

**AFFIRMED.**