# IN THE COURT OF APPEALS OF IOWA

No. 18-0049
Filed September 26, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHAWN HOWARD LURKENS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Russell G. Keast (plea)

and Angeline M. Wilson (judgment and sentence), District Associate Judges.


        Shawn Lurkens appeals after pleading guilty to domestic abuse assault.

**AFFIRMED.**


        Cory J. Goldensoph, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

This appeal arises out of a conviction for domestic abuse assault. Shawn Lurkens was charged with domestic abuse assault by strangulation, in violation of Iowa Code section 708.2A(1) and (2)(d) (2017), an aggravated misdemeanor. Lurkens entered a written guilty plea to the lesser-included charge of domestic abuse assault, in violation of section 708.2A(1) and (2)(a), a simple misdemeanor. In his written guilty plea, Lurkens agreed the minutes of evidence were factually accurate and indicated the court could rely on them as a factual basis for his guilty plea. The minutes state that Lurkens "placed [his wife] in a headlock using his forearm and bicep around her neck and throat area . . . for approximately 30 seconds and that she was starting to lose consciousness at the time he let go." The court accepted the guilty plea and later sentenced Lurkens to serve two days in jail, and ordered him to pay court costs and complete the Iowa Domestic Abuse Program. Lurkens now appeals this conviction, claiming his counsel provided ineffective assistance by allowing him to accept the plea deal when there was not a factual basis for the plea.

Our standard of review for guilty pleas resulting from counsel's ineffective assistance is de novo. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011), *overruled on other grounds by Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). When the record is inadequate, we preserve ineffective-assistance-of-counsel claims for potential postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Because the record is adequate here, we will consider the merits of Lurkens's claim.

"As with all ineffective-assistance-of-counsel claims, [a defendant] must establish [their] counsel failed to perform an essential duty and prejudice resulted from such failure." *Utter*, 803 N.W.2d at 652 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Courts are required to determine whether a factual basis exists before accepting a plea. Iowa R. Crim. P. 2.8(2)(b). To determine whether a factual basis exists, "the entire record before the district court may be examined." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "If an attorney allows a defendant to plead guilty to an offense for which there is no factual basis and to waive the right to file a motion in arrest of judgment, the attorney breaches an essential duty." *State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). When this occurs, prejudice is inherent. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

Lurkens argues the minutes of evidence "don't necessarily" establish a factual basis for simple domestic abuse assault, but rather, they establish domestic abuse assault by strangulation. Therefore, Lurkens concludes, a factual basis for the plea did not exist and his plea counsel was ineffective. He requests that his conviction be reversed and his case remanded for further proceedings.

Based on a review of the record, we have no difficulty in concluding there is an adequate factual basis to support Lurkens's guilty plea to domestic abuse assault. The "assault" portion of domestic abuse assault means an assault as defined in section 708.1. Iowa Code § 708.2A(1). "Assault" under section 708.1 includes, "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act," or "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious,

insulting, or offensive, coupled with the apparent ability to exercise the act." *Id.* § 708.1(2)(a), (b). When determining whether there is a factual basis for the guilty plea, we may look to the minutes of evidence. *See Finney*, 834 N.W.2d at 62. The minutes recount how Lurkens had his wife in a headlock for approximately thirty seconds during which she began to lose consciousness. Lurkens does not dispute these facts. We have no trouble concluding that Lurkens's actions constituted a domestic abuse assault under section 708.2A(2)(a). Therefore, we find that Lurkens's trial counsel was not ineffective and affirm the judgment and sentence of the district court.

**AFFIRMED.**