**IN THE COURT OF APPEALS OF IOWA**

No. 17-2095
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHON HANS PION,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marion County, Martha L. Mertz
(plea) and Dustria A. Relph (sentencing), Judges.

Jonathon Pion appeals after pleading guilty to violating a custodial order.
**AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Jonathon Pion appeals the judgment and sentence entered after he pled guilty to violating a custodial order by refusing to return his child to the mother after visitation. *See* Iowa Code § 710.6 (2017) (stating a relative of a child who violates a custodial order commits a class "D" felony). Pion argues his counsel was ineffective by permitting him to plead guilty without a factual basis. Additionally, Pion contends the district court abused its discretion by imposing a five-year suspended sentence instead of granting him a deferred judgment. We reject Pion's arguments and affirm the district court's judgment and sentence.

The standard of review for guilty pleas resulting from counsel's ineffective assistance is de novo. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011), *overruled on other grounds by Schmidt v. State*, 909 N.W.2d 778, 789 (Iowa 2018). "As with all ineffective-assistance-of-counsel claims, [the defendant] must establish . . . counsel failed to perform an essential duty and prejudice resulted from such failure." *Utter*, 803 N.W.2d at 652 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Generally, we preserve claims of ineffective assistance of counsel for postconviction-relief proceedings to allow the record to be developed. *See State v. Gomez Garcia*, 904 N.W.2d 172, 186 (Iowa 2017); *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017). However, we may resolve the claim on direct appeal if the record before us is adequate. *See Virgil*, 895 N.W.2d at 879. Here, we conclude the record is adequate for review.

Courts are required to determine whether a factual basis exists before accepting a plea. *See* Iowa R. Crim. P. 2.8(2)(b). To determine whether a factual basis exists, "the entire record before the district court may be examined." *State*

*v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "If an attorney allows a defendant to plead guilty to an offense for which there is no factual basis and to waive the right to file a motion in arrest of judgment, the attorney breaches an essential duty." *State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). When this occurs, prejudice is inherent. *See State v. Schminkey,* 597 N.W.2d 785, 788 (Iowa 1999).

Pion claims his counsel was ineffective by allowing him to plead guilty without a factual basis. He pled guilty to violating Iowa Code section 710.6, which provides, as relevant here:

> A relative of a child who, acting in violation of an order of any court which fixes, permanently or temporarily, the custody or physical care of the child in another, takes and conceals the child, within or outside the state, from the person having lawful custody or physical care, commits a class "D' felony.

Iowa Code § 710.6 (2015). Iowa Criminal Jury Instruction 1000.10, published by the Iowa Bar Association, sets forth the elements of the crime as follows:

> 1. On or about the _____ day of _____, 20___, (custodian) had [custody] [physical care] of (child) by court order.
> 2. Defendant was a relative of the child.
> 3. The defendant took and concealed the (child) from (custodian) in violation of a court order.
> 4. At the time, (child) was under the age of fourteen.
> If the State has proved all of the elements, the defendant is guilty. If the State has failed to prove any one of the elements, the defendant is not guilty.

Pion admits the first three elements were established during his plea colloquy. It is the fourth element Pion claims is lacking—that the child was under the age of fourteen at the time of the offense. Specifically, because the district court's colloquy during the plea hearing did not reference the age of the child, Pion argues "the factual basis is clearly deficient."

For purposes of the criminal law and procedure section of the Iowa Code, with some exceptions, "child" is defined as "any person under the age of fourteen years," unless another age is specified. Iowa Code § 702.5. This definition of "child" is applicable to section 710.6. So, in order for the plea to be valid, the record before the plea court must show the child involved was under the age of fourteen years.

In reviewing the entire record before the plea court, we find the child's date of birth appears in Deputy Isaac Short's affidavit; a part of the complaint and affidavit filed with the court charging Pion with violating section 710.6. The minutes of evidence state "the following witnesses . . . will testify in accordance with the police reports/statements attached hereto and incorporated by this reference herein." The minutes further state that Deputy Short would "testify in accordance with the police reports/statements/recordings attached and/or made a part of these minutes of evidence by this reference."

> On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined. . . . Recourse to the entire record is appropriate because . . . the relevant inquiry . . . involves an examination of whether counsel performed poorly by allowing [the defendant] to plead guilty to a crime for which there was no objective factual basis in the record.

*Finney*, 834 N.W.2d at 62. Accordingly, based on a review of the record before the plea court, we conclude there was a sufficient factual basis for the plea with regard to the child's age at the time of Pion's offense.[1] Therefore, counsel was not ineffective in allowing Pion to plead guilty.

---

[1] The State argues Pion's argument is meritless because the presentence report contains the child's birthdate. A presentence investigation (PSI) report may be reviewed to

Pion's second claim is that the sentencing court abused its discretion when it imposed a suspended sentence instead of granting him a deferred judgment. He argues because of his "military record and lack of criminal convictions, a deferred judgment would have been an appropriate sentence for this case."

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro,* 638 N.W.2d 720, 724 (Iowa 2002). Abuse of discretion occurs only when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

> Generally, courts may consider a variety of factors to justify the imposition of a sentence, including rehabilitation of the defendant, protection of the community from further offenses by the defendant and others, Iowa Code § 901.5, the defendant's age and criminal history, the defendant's employment and family circumstances, the nature of the offense, and "such other factors as are appropriate." Iowa Code § 907.5.

---

determine if the record supports a factual basis for the plea, but only if the report was available at the time of the plea. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) ("At the time of the guilty plea, the record must disclose facts to satisfy all elements of the offense. We review (1) the prosecutor's statements, (2) the defendant's statements, (3) the minutes of testimony, and (4) the presentence report, if available at the time of the plea, to determine if the record supports a factual basis for the plea." (citation omitted)); *Schminkey*, 597 N.W.2d at 788 ("In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report."); *State v. Butcher*, No. 11-0928, 2012 WL 1439497, at *2 (Iowa Ct. App. April 25, 2012) (declining to consider PSI report completed and filed after the plea hearing). Here, the PSI report is dated October 4, 2017, and it was filed with the court on the same date. The plea hearing occurred on August 4, 2017, some two months earlier. Since the PSI report was not a part of the record before the plea court, we do not consider it in our factual-basis evaluation.

*State v. Bentley,* 757 N.W.2d 257, 266 (Iowa 2008). Pion does not suggest the district court considered inappropriate factors, nor does he claim the court failed to provide adequate reasons for the sentence imposed.

The district court sentenced Pion to five year's incarceration, suspended all of it, and placed Pion on probation for two years. The court considered numerous factors before sentencing Pion, including his age, minimal criminal history, employment circumstances, attendance at school, years of military service, family circumstances, impact on the victims, and the nature and circumstances of the offense. The court concluded, "[G]iven the nature and circumstances of this offense and given the impact on the victims and given the need for deterrents for this sort of offense within our community, I don't believe that a deferred judgment is appropriate." Although Pion would have preferred a different sentence, "mere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016). We find no abuse of discretion by the district court in imposing the sentence. We therefore affirm

**AFFIRMED.**