# IN THE COURT OF APPEALS OF IOWA

No. 17-2036
Filed November 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KEYSEAN DAMOUR CHUMLEY,**
    Defendant-Appellant.

_____

    Appeal from the Iowa District Court for Polk County, David N. May, Judge.


    The defendant appeals after pleading guilty to eluding.  **AFFIRMED.**


    Thomas A. Hurd of Glazebrook, Glazebrook & Hurd, LLP, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.


    Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

Keysean Chumley appeals his conviction for eluding. He argues trial counsel was ineffective for allowing him to plead guilty absent a factual basis for an element of eluding, namely, a visual signal given by a police officer. Because the district court had a sufficient factual basis to accept Chumley's plea, we affirm.

## I.     Facts and Prior Proceedings.

In March 2017, Chumley was driving a black Fiat 500 on the north side of Des Moines. Working patrol, Officer Jordan Wall saw the Fiat cross two lanes of traffic while making a left-hand turn. The Fiat's maneuver caused a pickup truck to swerve onto the sidewalk to avoid a collision. Officer Wall turned on his "emergency lights and sirens to initiate a traffic stop" of the Fiat. Instead of pulling over, Chumley sped up. Police arrested Chumley after a chase.

As part of a bargain consolidating other charges, Chumley pleaded guilty to felony eluding. Felony eluding requires proof of the following elements:

> [T]he driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal[1] and in doing so exceeds the speed limit by twenty-five miles per hour or more, and . . . the driver is in violation of section . . . 124.401[2]. . . .

Iowa Code § 321.279(3)(b) (2017).

On appeal, Chumley claims his counsel was ineffective in permitting him to plead guilty without a factual basis because the color of the lights used in the officer's visual signal is absent from the record.

---

[1] Subsection 321.279(1) defines the necessary visual and audible signal as "flashing red light, or . . . flashing red and blue lights, and siren."
[2] Section 124.401 prohibits possession of controlled substances.

**II.     Scope and Standard of Review.**

We review guilty pleas allegedly resulting from counsel's ineffective assistance de novo.[3]  *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011).  To prevail in his claim of ineffective assistance, Chumley must establish "counsel failed to perform an essential duty and prejudice resulted from such failure."  *See id.* at 652 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "If an attorney allows a defendant to plead guilty to an offense for which there is no factual basis and to waive the right to file a motion in arrest of judgment, the attorney breaches an essential duty."  *State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005).  We presume prejudice when the record reveals no factual basis for a guilty plea.  *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

**III.     Analysis.**

Chumley argues trial counsel was ineffective in allowing him to enter a guilty plea because the record does not contain facts supporting each element of felony eluding.  He zeroes in on the section 321.279(1) requirement the visual signal given by the peace officer "shall be by flashing red light, or by flashing red and blue lights."  During the plea colloquy, Chumley admitted driving the Fiat while possessing marijuana and acknowledged a marked law enforcement vehicle driven by a uniformed police officer gave him an audible and visual signal to stop.  Missing from the colloquy, by Chumley's estimation, were sufficient details about the visual signal to stop.

---

[3] We generally preserve ineffective-assistance claims for postconviction-relief proceedings.  *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017).  But when the record is adequate, we can resolve claims on direct appeal.  *Id.*  Here, the record is adequate for review.

The court must determine a sufficient factual basis exists before accepting a guilty plea. Iowa R. Crim. P. 2.8(2)(b). The evidentiary threshold for accepting a guilty plea differs from the proof beyond a reasonable doubt necessary to support a conviction. *State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). When discussing the factual basis requirement for pleas, our supreme court noted "insubstantial errors should not entitle a defendant to relief." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). And the district court need only "be satisfied that the facts support the crime" and be provided a description sufficient to allow it to determine whether a factual basis for a plea exists. *State v. Keene*, 630 N.W.2d 579, 581–82 (Iowa 2001) (holding factual basis existed for guilty plea to dissemination of obscene material to minors even though district court did not personally view obscene material).

To determine whether a factual basis existed, we may examine the entire record available to the district court. *Finney*, 834 N.W.2d at 62. We must decide if Chumley's admission to receiving a visual signal to stop—coupled with the reference in the officer's expected testimony to "emergency lights" without specifying they were "flashing red" or "flashing red and blue"—provided an adequate factual basis for the eluding charge.

Chumley relies on our recent decision in *State v. Hankins*, where we vacated and remanded the eluding plea because the record did not reveal whether the police officer was in uniform as required by section 321.279. 17-1436, 2018 WL 2084825, *2 (Iowa Ct. App. May 2, 2018) (quoting Iowa Code § 321.279(2)). By contrast, the record in the present case is not entirely lacking facts about the

visual signal. *See id.* The minutes of evidence disclose "Officer Wall was traveling in Des Moines Police Department issued patrol vehicle, turn[ed] on his emergency lights and sirens to initiate a traffic stop of the black Fiat." The record here establishes the officer's emergency lights were on, but not whether the emergency lights were the color described in the statute. Accordingly, *Hankins* is not analogous. *See id.*

The district court could infer the visual signal included "flashing red light" or "flashing red and blue lights" from the officer's expected testimony he activated his "emergency lights." *See Keene*, 630 N.W.2d at 581–82. Case law and statutes reflect the accepted understanding of emergency lights as red or red and blue. *See, e.g.*, *State v. Prusha*, 874 N.W.2d 627, 628 (Iowa 2016) ("[The peace officer] activated the vehicle's rear amber directional lights but not its red and blue emergency lights."); *State v. White*, 887 N.W.2d 172, 174, 176 (Iowa 2016) (per curiam) (finding officer seized defendant, in part, by using his emergency lights and later describing those lights as "flashing red and blue"); *State v. Berry*, No. 12–0964, 2013 WL 1453036, at *1 (Iowa Ct. App. Apr. 10, 2013) (rejecting factual basis challenge to eluding plea when minutes stated deputy "activated his emergency lights"); *see also* Iowa Code § 321.324 (describing emergency vehicles as having red and blue lights). These references in case law and code provide a solid foundation in support of the inference necessary to establish a factual basis.

Under the principles articulated above, Chumley's recognition of the police car's lights as a signal to stop, together with the officer's description of activating his "emergency lights" when pursing Chumley, satisfied the factual basis for the

"visual signal" element of eluding.  *See Finney*, 834 N.W.2d at 62.  We affirm Chumley's eluding conviction.

**AFFIRMED.**